**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.P.-1, A.P.-2, A.P.-3, and A.W.**

**No. 18-0444** (Raleigh County 2017-JA-154-B, 2017-JA-155-B, 2017-JA-156-B, and 2017-JA-157-B)

# MEMORANDUM DECISION

Petitioner Mother T.W., by counsel Sarah F. Smith, appeals the Circuit Court of Raleigh County's April 24, 2018, order terminating her parental rights to A.P.-1, A.P.-2, A.P.-3, and A.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Stanley I. Selden, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect and in terminating her post-adjudicatory improvement period and parental rights when she was participating in a drug rehabilitation program.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the DHHR filed a child abuse and neglect petition against petitioner alleging that she abused drugs including heroin, marijuana, and prescription pills.[2] A Child

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because three of the children share the same initials, we will refer to them as A.P.-1, A.P.-2, and A.P.-3, respectively, throughout this memorandum decision.

[2] The record indicates that this case was referred to circuit court from family court due to an ongoing divorce action filed in 2010. Pursuant to Rule 48(b), in part, of the Rules of Practice

(continued . . .)

Protective Services ("CPS") worker interviewed petitioner's then nine-year-old A.W., who reported that she and her sisters had to hide in their closet on one occasion when people with guns entered their home, looking for petitioner. A.W. also reported witnessing petitioner crush pills and snort them through a straw and light something wrapped in aluminum foil on fire and smoke it. Thereafter, petitioner admitted that she abused heroin and agreed to submit to drug screens. While petitioner initially provided a negative screen, she subsequently failed to provide any additional screens for approximately one month. A preliminary hearing was held in July of 2018 and petitioner failed to attend, although she was represented by counsel at the proceeding.

The circuit court held an adjudicatory hearing in October of 2017, wherein petitioner stipulated to the allegations contained in the petition and requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation and granted her a post-adjudicatory improvement period on the condition that she complete an inpatient drug rehabilitation program.

In December of 2017, the circuit court held a review hearing. Petitioner was not present but her counsel proffered that she was a patient at a drug detoxification facility and would immediately enter a rehabilitation program following her release from the detoxification facility. The guardian reported that petitioner did not comply with the terms of her improvement period by failing to seek drug rehabilitation treatment until only days before the review hearing and failing to keep in contact with her attorney. While acknowledging petitioner's limited progress, the circuit court continued petitioner's improvement period.

The circuit court held a review hearing in March of 2018. Petitioner was not present. But her counsel advised the circuit court that she had entered into a second drug rehabilitation program. However, the DHHR reported that petitioner had only entered the program the day prior to the hearing and had made no progress throughout her improvement period. As such, the circuit court terminated petitioner's post-adjudicatory improvement period and scheduled a dispositional hearing.

In April of 2018, the circuit court held a dispositional hearing. The DHHR presented the testimony of a CPS worker, who testified that petitioner failed to successfully complete the drug rehabilitation program she entered in December of 2017 and failed to contact the CPS worker after leaving the program. Petitioner testified that she was currently participating in a drug rehabilitation program and living in a homeless shelter. Depending on the recommendation of the rehabilitation program, petitioner intended to live with her grandfather and continue outpatient treatment. Petitioner admitted that she failed to provide the required drug screens and, as a result,

_____

and Procedure for Family Court, if a family court has reasonable cause to believe a minor child has been abused or neglected,

> the family court shall forthwith prepare and submit a written referral to the agency office in the county where the family court proceeding is pending and, at the same time, transmit copies of the referral to the appropriate circuit court in that county, as determined by the chief judge, and to the prosecuting attorney.

was unable to participate in visitation with the children. After hearing evidence, the circuit court found that the conditions of abuse and neglect had been ongoing since the initiation of petitioner's family court proceedings in 2010. The circuit court found that petitioner had not addressed the conditions of abuse and neglect, had a "severe inability" to resolve the issues in a reasonable period of time, and that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future. Finding that termination was in the children's best interests, the circuit court terminated petitioner's parental rights. It is from the April 24, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and her parental rights when she demonstrated that she was in compliance with her case plan by participating in a drug rehabilitation program. Based upon her participation, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future. Upon our review of the record, we find petitioner's argument to be without merit.

Pursuant to West Virginia Code § 49-4-610(7),

> [u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period or has satisfied the terms

---

[3]The parental rights to D.P., the biological father of A.P.-1 and A.P.-2 and the psychological father of A.P.-3, were terminated in the proceedings below. The children were placed with a relative and the permanency plan is adoption in that home. A.W.'s father is a nonabusing parent and the permanency plan for the child is to remain in his care.

of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

Here, petitioner failed to fully participate in the terms of her post-adjudicatory improvement period. Petitioner was ordered to complete an inpatient drug rehabilitation program as part of the terms and conditions of her improvement period, which began in October of 2017. Petitioner did not enter a detoxification facility until December of 2017. Thereafter, petitioner was transferred to a rehabilitation program but her participation in the program was suspended due to her arrest on unrelated charges and her failure to follow a no-contact rule.[4] Petitioner did not reenter a rehabilitation program until the day before her next review hearing in March of 2018. Accordingly, we find that petitioner failed to satisfactorily participate in her post-adjudicatory improvement period, and the circuit court did not err in terminating the same.

Moreover, the circuit court did not err in terminating petitioner's parental rights upon a proper finding that there was no reasonable likelihood that she could correct the conditions of abuse in the near future. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, petitioner failed to comply with services aimed at reducing or preventing the abuse and neglect. Petitioner waited approximately two months to enter a drug rehabilitation program as ordered and thereafter was suspended from the program. Knowing her parental rights were at stake, petitioner then waited another three months before seeking admission into another drug rehabilitation program. When asked why she waited so long to seek treatment, petitioner responded "I was lost. I was gone. I wasn't doing anything responsible. I was high." Further, due to her failure to provide the requested drug screens, petitioner was unable to participate in visitation with the children. Accordingly, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near

---

[4]During the dispositional hearing, petitioner testified that the rehabilitation program enforced a no-contact rule, prohibiting its participants from contacting participants of the opposite sex. According to petitioner, she was at a program-related party where there were male participants and she had contact with someone there. Petitioner claimed it was "absolutely innocent" but was suspended from the program, in part, due to her failure to comply with the rule.

future and that termination was necessary for the children's welfare. While petitioner states that she simply needed more time to comply with services, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based upon a review of the record, we find no error in the circuit court's decision to terminate petitioner's parental rights. The circuit court made proper findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was in the children's best interests.

Finally, because the record shows that the parental rights of A.P.-3's unknown father remain intact, this Court reminds the circuit court of its duty to establish permanency for children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide

custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the ruling of the circuit court, and its April 24, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating